USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/15/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOHANNA CLEARFIELD, :
:
                   Plaintiff, : 17-CV-1933 (JMF)
:
       -v- : MEMORANDUM OPINION
: AND ORDER
HCL AMERICA INC. et al., :
:
                 Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In this employment discrimination case, familiarity with which is assumed, Defendant HCL America Inc. ("HCL") moves, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel arbitration and to stay the present action. In evaluating a motion to compel arbitration, a district court must apply the summary judgment standard, and thus may grant the motion only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." *Cohen v. UBS Fin. Servs., Inc.*, 12-CV-2147 (BSJ) (JLC), 2012 WL 6041634, at *1 (S.D.N.Y. Dec. 4, 2012). To decide "whether the parties agreed to arbitrate a certain matter" for purposes of the FAA, a court must apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *Cohen*, 2012 WL 6041634, at *2; *see also Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have

been referred to arbitration and a stay requested.").

Here, there is no dispute that Plaintiff Johanna Clearfield's claims fall within the scope of HCL's Modified Dispute Resolution Agreement ("MDRA"), which became effective on December 1, 2015. (Docket No. 18 ("Pl.'s Mem."), at 3-4). Instead, HCL's motion turns exclusively on whether Clearfield agreed to the MDRA under New York law. (*See id.*). Notably, the facts relevant to that issue — drawn from the parties' affidavits and exhibits — are undisputed. Clearfield was employed by HCL from approximately May 2014 through September 28, 2016. (Docket No. 18-1 ("Pl.'s Decl."), ¶ 1). On December 1, 2015, HCL sent an e-mail to all its employees, including Clearfield, at their work addresses titled "Dispute Resolution Agreement – Important announcement." (Docket No. 16-2). The e-mail advised employees that HCL had "modified its Dispute Resolution Agreement (also known as the Arbitration Agreement)" and gave employees the opportunity to opt out of the agreement by returning a form no later than January 5, 2016. (*Id.*). Significantly, the e-mail further cautioned as follows: "If you do not submit the [opt-out] form by the end of the day on January 5, 2016 and if you accept or continue employment with the Company after such date, you will be deemed to have accepted and agreed to the terms" of the modified Dispute Resolution Agreement. (*Id.*; *see also id.* (warning that "[i]f employees do not opt out, the 'Modified Dispute Resolution Agreement' will be a binding contract between each employee and the company that governs how the parties will resolve certain legal disputes.")). Clearfield did not submit an opt-out form or otherwise notify HCL of her intention to opt out of the MDRA by the January 5, 2016 deadline — or at any other point during her employment at HCL. (Docket No. 16, ¶ 7).

Given those undisputed facts, several principles of New York law compel the conclusion that Clearfield is bound by the MDRA. First, "New York law has established a presumption that

2

a party has received documents when mailed to the party's address in accordance with regular office procedures." *Manigault v. Macy's E., LLC*, 318 F. App'x 6, 7 (2d Cir. 2009) (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)); *see also, e.g.*, *Abdullah v. Am. Express Co.*, No. 3:12-CV-1037-J-34 (MCR), 2012 WL 6867675, at *4-5 (M.D. Fla. Dec. 19, 2012) (finding that the presumption of receipt applicable to mail also applies to e-mail). Second, a plaintiff's "denial of receipt of the mailing . . . is insufficient to rebut the presumption that she received the mailing." *Manigault*, 318 F. App'x at 7. And third, "[a]n employee may consent to a modification to the terms of employment by continuing to work after receiving notice of the modification." *Id.* at 8. Indeed, "New York, unlike other jurisdictions, has found that continued employment, without more, is sufficient to manifest assent." *Id.* (citation omitted); *see also DuBois v. Macy's E. Inc.*, 338 F. App'x 32, 33 (2d Cir. 2009) ("Under New York law, where an at-will employee remains in a defendant's employment after the employer has modified the terms of employment, the employee is deemed to have assented to the modification and, in effect, commenced employment under a new contract." (internal quotation marks omitted)). Applying those principles here, Clearfield is plainly bound by the MDRA. *See, e.g.*, *Manigault*, 318 F. App'x at 7-8 (holding on almost identical facts that the plaintiff was bound by an arbitration provision); *accord Couch v. AT & T Servs., Inc.*, No. 13-CV-2004 (DRH) (GRB), 2014 WL 7424093, at *4-8 (E.D.N.Y. Dec. 31, 2014); *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499-500 (S.D.N.Y. 2013); *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 306-08 (S.D.N.Y. 2011), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013).

In arguing otherwise, Clearfield relies on the fact that she was on medical leave when HCL e-mailed the MDRA and, indeed, had been advised by her supervisor "not to perform any work during [her] leave." (Pl.'s Decl. ¶¶ 2-4; *see* Pl.'s Mem. 3-4). But those facts do not mean,

3

as Clearfield contends, that she "was essentially not an employee of HCL" at the time of the e-mail (a contention for which Clearfield cites no legal authority). (Pl.'s Mem. 3; *see also* Pl.'s Decl. ¶ 1 ("I was an employee of Defendant HCL America Inc. from approximately May, 2014 through September 28, 2016")). And, in any event, she returned to work on January 4, 2016 — *prior to* the deadline to opt out of the MDRA. (Pl.'s Decl. ¶ 3). Granted, that gave her only one day to act and she may have had other, time-sensitive tasks to handle. (*See id.* ¶ 7). But, given that Clearfield had received only about 100 e-mails during her leave (*id.*), and that the e-mail at issue was prominently titled "Important announcement" (Docket No. 16-2), that was sufficient time to opt out had she wanted to do so. And furthermore, her failure to act by the January 5, 2016 deadline does not excuse or explain the fact that she *never* attempted to opt out of the MDRA *at any point* between January 4, 2016, when she returned to work, and September 28, 2016, when her employment ended. Finally, although Clearfield denies having seen the e-mail at issue (Pl.'s Decl. ¶ 8), the law is clear that her denial is insufficient to rebut the presumption that she received the e-mail. *See Manigault*, 318 F. App'x at 7 (citing *Meckel*, 758 F.2d at 817-18); *accord Couch*, 2014 WL 7424093, at *6. Thus, by not opting out and continuing her employment at HCL, she agreed to arbitration. *See Manigault*, 318 F. App'x at 8.

For the foregoing reasons, HCL's motion to compel arbitration is GRANTED. Additionally, in light of the fact that all claims are subject to arbitration, and HCL requests a stay, this action is stayed pending resolution of the arbitration. *See Katz*, 794 F.3d at 345-47; *see also Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 92–93 (2d Cir. 2002) (noting that district courts should be mindful of the fact that a dismissal is appealable whereas a granting of a stay is not and that "unnecessary delay of the arbital process through appellate review is disfavored" (internal quotation marks and brackets omitted)). That said, the Court sees no reason

to keep the case open pending arbitration. Accordingly, the Clerk of Court is directed to terminate Docket No. 14 and to administratively close the case, without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

SO ORDERED.

Dated: June 14, 2017
      New York, New York

JESSE M. FURMAN
United States District Judge